IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER

JAN 26 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01800-BNB

CLINTON TEAGUE,

    Plaintiff,

v.

R. HOOD, Warden,
R. WILEY, Warden,
T. SUDLOW, Case Manager,
J. ARROYO, Counselor,
J. JOHNSON, Correctional Officer,
P. LEE, Correctional Officer,
P. SCHAFFER, Correctional Officer, Row "Lieutenant",
J. GUADIAN, Correctional Officer,
C. JARBOE, Correctional Officer,
W. LOA, Lieutenant,
M. DUNLAP, Disciplinary Hearing Officer,
R. BAUER, Health Service Administrator,
L. LEYBA, Clinical Director,
D. SCHIEFELBEIN, Physician Assistant,
N. GLADBACH, Nurse Practitioner,
J. WALTERS, Lieutenant,
P. TELITZ, Correctional Officer,
C. HOTCHKISS, Correctional Officer,
R. STEVENS, Correctional Officer,
D. CARPENTER, Lieutenant,
D. KRIST, Special Investigative Agent,
T. CARPENTER, Special Investigation Services Lieutenant, and
J. VIGIL, Correctional Officer,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

---

Plaintiff, Clinton Teague, is in the custody of the United States Bureau of Prisons and currently is incarcerated at a federal facility in Terre Haute, Indiana. On September 5, 2006, Mr. Teague submitted a Prisoner Complaint, and on September 12, 2006, the Court directed Plaintiff to submit his claims on a current Court-approved Prisoner Complaint form. On November 9, 2006, Plaintiff filed a current Court-approved form. The form, however, referred to attached pages that were not provided. The Court, therefore, considered both the Complaint filed on November 9, 2006, and the original 626-page Complaint submitted to the Court on September 5, 2006. Upon review of the documents, the Court, on December 11, 2006, instructed Plaintiff to file an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. On January 19, 2007, Plaintiff filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file a Second Amended Complaint.

Although the Amended Complaint still is not a model of clarity, the Court has identified at least eleven claims. The claims are not presented to the Court in compliance with Fed. R. Civ. P. Rule 8(a), however, which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

In conducting a review of the Amended Complaint submitted on January 19, 2007, the Court finds that the 350-plus paragraphs noted under Section "D. Cause of Action" for the most part are a narrative of events that took place from May 23, 2003, until approximately September 2006. Furthermore, Mr. Teague lists multiple claims under each of the three identified claims as opposed to setting forth only one claim and the supporting facts under each numbered claim.

Again, Plaintiff is instructed that it is his responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Plaintiff is again directed to amend the Complaint. He is instructed to assert separately each of the eleven claims identified by the Court and not to state all events in narrative form but only supporting facts under each stated claim. He further is directed to identify by name in each claim those defendants who are responsible for causing the deprivation and what each named defendant did to violate his constitutional rights in each claim. Mr. Teague may not simply list a defendant in a claim and state what his position is at the BOP. In each claim in which he asserts retaliation he must state why a named defendant allegedly retaliated against him.

The eleven claims identified by the Court are (1) Plaintiff was injured on May 23, 2003, denied medical treatment, and was refused an investigation by BOP staff; (2) Plaintiff was electrocuted on November 6, 2003, and denied medical treatment to cover-up a prison staff member's inappropriate acts; (3) Plaintiff was attacked on

September 3, 2004, and then subjected to a false incident report to cover-up the assault; (4) Plaintiff was placed in a cell contaminated with human feces each time he received a legal call, and as a result he developed sores on his face due to the contact with human feces; (5) Plaintiff was assaulted on July 11, 2005, in retaliation for naming a prison staff member in a prior civil action; (6) Plaintiff was denied his meal tray and medical treatment on August 20, 2005, in retaliation for naming a prison staff member in a prior civil action; (7) Plaintiff was retaliated against and received a false incident report on September 2, 2005; (8) Plaintiff refused to move to Unit D on November 30, 2005, because there are no cameras in Unit D and, as a result, he was disciplined and still placed in Unit D where he endured continual acts of retaliation; (9) Plaintiff was denied access to the courts on April 13, 2006, when he was not allowed to attend a court hearing; (10) Plaintiff requested medical treatment on July 23, 2004, for the alleged electrocution he endured and was denied the request; and (11) Plaintiff was harassed and threatened from October 3, 2005, through January 25, 2006, by a prison guard against whom he had filed a previous civil action and for which he received a settlement. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** a Second Amended Complaint that complies with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion filed January 19, 2007, (Doc. No. 22) is denied as moot.

DATED January 26, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01800-BNB

Clinton Teague
Reg. No. 06977-029
USP – Terre Haute
PO Box 12015
Terre Haute, IN 47801

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___1-26-07___

GREGORY C. LANGHAM, CLERK

By:_____
    Deputy Clerk